IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHIVAS SHURELDS, | ) | CASE NO. 3:22 CV 01199 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE JACK ZOUHARY, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Chivas Shurelds (Shurelds or Petitioner) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (R. 1). Shurelds requests that the Court grant him earned-time credits, release him from home confinement, and place him on probation. For the reasons that follow, the Court DENIES the petition and DISMISSES the action without prejudice pursuant to 28 U.S.C. § 2243.

## I. Background

Petitioner is serving a 60-month term of imprisonment for drug conspiracy. (R. 1-1, PageID# 11). He states in his petition that he is now on home confinement and eligible for sentencing credits, but they have yet to be applied. (R. 1, PageID# 2). Petitioner claims that he earned one year off his sentence for Residential Drug Abuse Program (RDAP) and one year off for the First Step Act (FSA). (*Id.*, PageID# 7). In support, Petitioner attaches to his petition a computation data sheet that identifies "applied FSA credits" of 365 days. (R. 1-1, PageID# 10).

## II. Analysis

The responsibility for computing sentences and applying sentencing credits lies with the Bureau of Prisons (BOP). *Nieves v. Warden, FCI Elkton*, 2020 U.S. Dist. LEXIS 3581, at *5

(N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231–33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (1) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being haled into federal court; and (2) exhaustion promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88–89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted); *see also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally, (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10–16; *Chastain v. Williams*, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In rare cases, however, where state remedies are inadequate or futile, exhaustion of administrative remedies is not required. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 516 n.7, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("[T]he exhaustion doctrine does not bar relief where the state remedies are inadequate . . . ."); *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) ("This Court has also held that a *habeas* court should excuse exhaustion where further action in state court

'would be an exercise in futility.'" (*quoting Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir.1970))).

Here, there is no suggestion in the petition that Petitioner has exhausted his administrative remedies. He indicates that his counselor advised him that he was not going to receive credit for both RDAP and FSA. (R. 1, PageID# 7). But even if the Court construes this statement as Petitioner's attempt to informally resolve the claim with prison staff, there is nothing in the record demonstrating Petitioner has appealed the counselor's decision to the warden, the regional director, or the BOP General Counsel. Petitioner has therefore failed to exhaust his administrative remedies. And Petitioner fails to demonstrate that exhaustion would be inadequate or futile.

### III. Conclusion

For the foregoing reasons, the Court DENIES the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243 without prejudice to Petitioner refiling a petition for habeas relief under § 2241 after exhausting his administrative remedies with the BOP.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and the Court will not issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. 22(b).

IT IS SO ORDERED.

                                        s/ *David A. Ruiz*
                                        David A. Ruiz
                                        United States District Judge

Date: February 17, 2023